91 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hedy Carolina BONILLA-MONTIEL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70700.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 9, 1996.
Decided July 11, 1996.
 
 Before: WOOD,* CANBY, and RYMER, Circuit Judges.
 
 
 1
 Hedy Carolina Bonilla-Montiel, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' dismissal of her appeal from an immigration judge's denial of her applications for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction, 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 2
 * Bonilla contends that the IJ erred in concluding that she is not eligible for asylum on the basis of either past persecution or a well-founded fear of future persecution.[1] We disagree.
 
 
 3
 The Attorney General has discretion to grant asylum to an applicant who is unwilling to return to her native country because of past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group or political opinion. See 8 U.S.C. §§ 1158(a), 1101(a)(42)(A); Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). We review the IJ's determination of eligibility for substantial evidence. Del Valle v. INS, 776 F.2d 1407, 1412 (9th Cir.1985).
 
 
 4
 Bonilla begins by requesting that we take judicial notice of various human rights reports indicating that the Sandinistas continue to commit human rights abuses despite the election of Violeta Chamorro. We are precluded from doing so because the reports are not part of the administrative record. Fisher v. INS, 79 F.3d 955, 963 (9th Cir.1996) (en banc). In any event, the reports would add little to Bonilla's claim since the IJ took into account the fact that "Sandinistas still exert considerable control in the Nicaraguan army, police forces and State Security offices."
 
 
 5
 Bonilla next argues that she has a well-founded fear of persecution based on actions taken against her relatives. The treatment of Bonilla's family is relevant to her asylum claim. Hernandez-Ortiz v. INS, 777 F.2d 509, 515 (9th Cir.1985). The IJ was required to consider this information, and did so. Ultimately, however, the IJ concluded that the treatment of Bonilla's relatives did not support a well-founded fear of persecution, and substantial evidence supports that conclusion.[2]
 
 
 6
 Finally, Bonilla contends that we should remand so that the BIA can determine whether she is entitled to asylum on humanitarian grounds under Matter of Chen, Int.Dec. 3104, 1989 WL 331860 (BIA 1989). Humanitarian considerations become relevant only after an alien has demonstrated past persecution. Id. at * 3. Here, the IJ concluded--and we agree--that since Bonilla had "never been harmed or even harassed," she failed to demonstrate past persecution. Accordingly, there is no call for the BIA to consider whether Bonilla should receive asylum on humanitarian grounds.
 
 II
 
 7
 Bonilla also seeks withholding of deportation under 8 U.S.C. § 1253(h), which requires that the alien demonstrate a "clear probability of persecution." Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995) (citations omitted). "A 'clear probability' means that the applicant will more likely than not be persecuted if deported[;] [t]his is a more stringent standard than the 'well-founded fear' standard" required for asylum. Id. (citations omitted). Having failed to meet the less stringent test for asylum, Bonilla necessarily fails to meet the test for withholding of deportation. Id.
 
 
 8
 PETITION DENIED.
 
 
 
 *
 The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Where, as here, "the BIA clearly incorporates the IJ's opinion, ... we treat the IJ's statement of reasons as the BIA's and review the IJ's decision[.]" Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995)
 
 
 [2]
 Nor did the IJ err in failing to consider the concurring opinion in Kahssai v. INS, 16 F.3d 323 (9th Cir.1994) (Reinhardt, J., concurring), since a concurrence is not binding precedent